

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

EVELYN RIVAS, Plaintiff,
v.
METROPOLITAN NASHVILLE POLICE DEPARTMENT and OFFICER JEFFREY LUBEY, Defendants.

Case No.: 3:25-cv-1261

# COMPLAINT FOR EXCESSIVE FORCE, CIVIL RIGHTS VIOLATIONS, AND REQUEST TO PROCEED IN FORMA PAUPERIS

## Parties

Plaintiff, **Evelyn Rivas**, is an individual residing at **536 Bradburn Village Circle, Antioch, TN 37013**. Defendant **Metropolitan Nashville Police Department (MNPD)** is a municipal police department responsible for law enforcement in Nashville, Tennessee. Defendant **Officer Jeffrey Lubey** was a police officer employed by MNPD at the time of the incident, acting under color of law.

## Jurisdiction and Venue

This action arises under **42 U.S.C. § 1983** for violations of Plaintiff's constitutional rights, including excessive force under the **Fourth Amendment**. Venue is proper in the **Middle District of Tennessee** because the events giving rise to this complaint occurred in **Nashville, Tennessee**.

## Statement of Facts

On **November 9, 2024**, **MNPD officers** arrived at Plaintiff's residence regarding an **out-of-state warrant** from a **2019 driver's license offense**. Plaintiff complied and requested to be handcuffed in the front due to medical conditions affecting her joints. Without provocation or resistance, **Officer Jeffrey Lubey** ran across the parking lot, yelled "Stop resisting!" despite no resistance, and **violently slammed Plaintiff to the ground**, placing his **knee into her back** and **striking her multiple times**, resulting in a **broken arm**.

**Three to four witnesses**, including **Officer Mooney**, observed the incident and appeared visibly shocked by the excessive use of force. Plaintiff was transported by **ambulance** to the hospital and later **extradited to Florida**, where she remained in custody for approximately **60**

**days**, until her release on **January 29, 2025**.

**Officer Lubey** has a **documented history of misconduct** and is listed on the **Brady List** in **San Francisco, California**, with **four disciplinary complaints** on record. The **MNPD police report** misrepresents the facts of Plaintiff's arrest and the **cause and extent of her injuries**, obscuring the true circumstances of the incident.

## Delays, Obstruction, and Evidence Withholding

Plaintiff filed a complaint with **MNPD on November 29, 2024**. The **Accountability Division** and **Records Division** delayed responding for nearly **one year. Body-worn camera footage** was released only after Plaintiff filed a formal complaint with the **Nashville Community Review Board**, nearly **ten months later**. The **Internal Affairs Division** repeatedly delayed the investigation, provided **conflicting explanations**, and **failed to interview Plaintiff** regarding the incident.

On **September 11, 2025**, **Commander Jason Starling** informed Plaintiff via email that the **investigation was "completed,"** dismissing further inquiries and demonstrating a **dismissive and unprofessional tone**. Despite this assertion, **no findings or investigative documents were ever disclosed** to Plaintiff.

On **September 25, 2025**, **Plaintiff's husband** formally requested the **personal and disciplinary files** from MNPD, seeking documentation related to Plaintiff's incident. Pursuant to **MNPD's public records policy**, such requests must be fulfilled within **seven (7) business days**. Although MNPD responded within that timeframe, the response **excluded the Plaintiff's incident file**.

When Plaintiff contacted **Commander Starling** to clarify the omission, he directed her to request the **Office of Professional Accountability (OPA)** file identified as **IA2024-00091 (CC2024-087)** — a file number he personally provided, fully aware it pertained directly to Plaintiff's **excessive force complaint. Plaintiff's husband** subsequently submitted the **OPA file request** in compliance with Commander Starling's instruction, again triggering the **seven-day response period**.

Instead of receiving the requested internal files, Plaintiff was sent an email containing the following disclaimer:

**"DISCLAIMER:** Please note: There is a large backlog of BWC/ICC footage, creating a wait time of 6–9 months."

However, the Plaintiff **was not requesting body-worn camera (BWC) or in-car camera (ICC) footage**, but rather the **written investigative and disciplinary files**, which are subject to a **seven-day statutory disclosure period**. This response clearly demonstrates MNPD's continued **obstruction, delay, and withholding of records**, suggesting a **deliberate effort to impede access to evidence** directly relevant to Plaintiff's **civil rights claim**.

## Evidence

Plaintiff possesses substantial evidence:
- Three witness statements
- Florida Department of Corrections records
- Extradition documents from Davidson County Sheriff's Office
- Photographs showing bruising
- Medical records from three hospitals
- Two psychiatric evaluations diagnosing PTSD
- Three body cam videos (Officer Mooney and two from Officer Lubey)

## Claims for Relief

1. **Excessive Force** in violation of the **Fourth Amendment** under **42 U.S.C. § 1983**.
2. **Failure to adequately investigate and respond** to complaints.
3. **Deliberate withholding of records and obstruction of justice.**

## Prayer for Relief

Plaintiff respectfully requests the Court:
- Award **compensatory and punitive damages**;
- Award **attorney fees and costs** pursuant to **42 U.S.C. § 1988**;
- Require **disclosure of Officer Lubey's disciplinary and personnel records**;
- Grant any additional relief the Court deems just and proper.

## Request to Proceed In Forma Pauperis

Plaintiff requests leave to proceed **in forma pauperis** under **28 U.S.C. § 1915**, as she is unable to pay filing fees.

**Respectfully Submitted,**

**Evelyn Rivas**
536 Bradburn Village Circle
Antioch, TN 37013
(615) 894-1469
Erivas612@gmail.com

Date: _____